**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROL ANN OGORZALEK, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-1038 |
| v. | (JUDGE CAPUTO) |
| HAZELTON RADIOLOGY ASSOCIATES, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court are Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 22), and Plaintiff's Objections and Exceptions to the Report & Recommendation of Magistrate Judge Mannion (Doc. 23).  For the reasons set forth below, Plaintiff's Objections to the Magistrate's Report and Recommendation will be overruled, and the Court will adopt the Report and Recommendation.  As such, Defendant's Motion for Summary Judgment (Doc. 13) will be granted.

**PROCEDURAL BACKGROUND**

Defendant filed a Motion for Summary Judgment on June 15, 2005.  (Doc. 13.) Magistrate Judge Mannion issued a Report and Recommendation to the Court on February 22, 2006, recommending that the Court grant Defendant's summary judgment motion.  (Doc. 22.)  Plaintiff filed an objection to the Report and Recommendation on March 6, 2006.  (Doc. 23.)  This matter is ripe for disposition.

**LEGAL STANDARD**

Where objections to the magistrate judge's report are filed, the Court must conduct

1

a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

**1.      Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish

that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself

to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**2.      ADEA and the PHRA**

Plaintiff asserts that Magistrate Judge Mannion erred in granting Defendant's motion for summary judgment with regard to Plaintiff's claims under the Age Discrimination In Employment Act, 29 U.S.C. § 623, *et seq.*, ("ADEA") and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951, *et seq.*, ("PHRA").[1] Defendant argues that Magistrate Judge Mannion, correctly, determined that Plaintiff has failed to establish a prima facie case under the ADEA and, alternatively, has failed to establish that Defendant's legitimate nondiscriminatory reason for Plaintiff's termination is but a pretext for discrimination. Therefore, Defendant argues that it is entitled to summary judgment as to Plaintiff's claims under the ADEA and the PHRA.

**a.      *McDonnell Douglas* Framework**

ADEA plaintiffs with only indirect evidence of discriminatory intent claiming disparate treatment must proceed under the *McDonnell Douglas* burden-shifting framework. *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004).

The burden-shifting framework set forth in *McDonnell Douglas* first requires Plaintiff to establish her prima facie case, which, if successful, raises an inference of age discrimination. *Keller v. Ortix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997);

---

[1]  State PHRA claims are subject to the same analysis as federal ADEA claims. *See Connors v. Chrysler Fin. Corp.*, 160 F.3d 971, 972 (3d Cir. 1998). Thus, while the Court will discuss Plaintiff's claims under the framework of the ADEA, the resulting analysis applies with equal force to Plaintiff's PHRA age discrimination claim.

*Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 522 (3d Cir. 1993); *Weldon*, 896 F.2d at 797.  However, an adequate, nondiscriminatory reason for the adverse action taken against Plaintiff serves to "dispel[] the inference of discrimination arising from Plaintiff's initial evidence."  *Keller*, 896 F.2d at 797.  To satisfy its burden, Defendant need not prove that the articulated reasons actually motivated its conduct.  *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).  Rather, Defendant must only introduce "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the adverse employment action.  *Id.*  Plaintiff then bears the burden of demonstrating that the alleged legitimate, nondiscriminatory reasons advanced by Defendant is but a pretext, aimed at concealing Defendant's discriminatory motives.  *Ezold*, 983 F.2d at 522 (citing *Burdine*, 450 U.S. at 257).

For the following reasons, I find that Magistrate Judge Mannion correctly determined that Plaintiff has failed to demonstrate that Defendant's legitimate nondiscriminatory reason for Plaintiff's termination is but a pretext for discrimination.  As such, I will not discuss whether Magistrate Judge Mannion correctly determined that Plaintiff failed to establish a prima facie case under the ADEA.

**b.     Pretext**

As Magistrate Judge Mannion correctly noted, Defendant contends that Plaintiff's termination was the result of the loss of its contracts with Hazleton General Hospital and Hazleton-St. Joseph's Medical Center, which resulted in a need for a reduction in Defendant's work force.  Clearly, Defendant has satisfied the relatively light burden of production required under *McDonnell Douglas*.  Thus, Plaintiff must establish that

Defendant's articulated reason is pretextual.

To survive a summary judgment motion, Plaintiff must present "some evidence, direct or circumstantial, from which a factfinder could reasonably either: (1) disbelieve [Defendant's] articulated reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [Defendant's] action." *Fuentes*, 32 F.3d at 764.  The Third Circuit Court of Appeals has held that Plaintiff may establish that Defendant's proffered reasons are "unworthy of credence," *Sorba v. Pa. Drilling Co.*, 821 F.2d 200, 204 (3d Cir. 1987), by introducing evidence that the employer subjected individuals outside the protected class to more favorable treatment.  *See, e.g., Fuentes*, 32 F.3d. at 765; *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 179; *Weldon*, 896 F.2d at 797.  If Plaintiff successfully points to evidence sufficient to discredit Defendant's tendered reasons, Plaintiff need not submit additional evidence beyond the initial prima facie case in order to survive summary judgment.  *Waldron v. SL Indus., Inc.*, 56 F.3d 491, 495 (3d Cir. 1995).  Even where the majority of this evidence comes from uncorroborated deposition testimony, the Third Circuit Court of Appeals has held that this is sufficient to survive summary judgment.  *Weldon*, 896 F.2d at 800.

With respect to this step, Magistrate Judge Mannion determined that Plaintiff failed to introduce evidence from which a reasonable jury could conclude that her position was eliminated because of her age.  In particular, Magistrate Judge Mannion noted that:

> Specifically, the record establishes that Hazleton Radiology had a contractual relationship with the local Hazleton hospitals, Hazleton General Hospital and Hazleton-St. Joseph's Medical Center, which relationship was severed by the hospitals in early 2003.  During this time, the plaintiff acknowledges Hazleton Radiology lost

6

> one of its physicians. The plaintiff further acknowledges that, in the Spring of 2003, employees of the defendant were notified that there was a possibility of some terminations as a result of a loss of revenue because of the loss of the hospital contracts and that there was concern among the physicians and staff with respect to what was happening with the contract situation.
>
> On June 6, 2003, the record reflects that the plaintiff was not the only individual terminated from the defendant's employ. In fact, two (2) individuals were terminated in the billing department, one (1) individual was terminated from the reception department, and two (2) individuals, including the plaintiff, were terminated from the radiological technology department. On that date, the plaintiff acknowledges that she was informed that she was being terminated because of downsizing and loss of revenue. The plaintiff admits that, prior to this time, no one from management ever made any age related comments to her, nor did she ever receive any memorandums, e-mails, documents, or letters from anyone in management that were age related. The plaintiff further admits that there were other individuals in the radiological department that had higher or equal evaluation results than she did.
>
> The plaintiff has produced no evidence, other than her own speculation, that age played any factor in her termination.

(Doc. 22, at 17-18.)

Upon review of the evidence, I find only further support for Magistrate Judge Mannion's determination. Notably, Plaintiff acknowledges that the other individuals retained in the radiological division of the technology department, in which Plaintiff had been employed, were Janet Zoba, age fifty-nine (59) in 2003; Carol Nesgoda, age fifty-eight (58) in 2003; Mary Pecile, age forty (40) in 2003; Fred Sadek, age fifty (50) in 2003; and Brenda Beltrami, age forty-five (45) in 2003. (Doc. 17-2, ¶ 2.) In addition, Plaintiff acknowledges that the individual terminated in the reception department was in her late twenties (20's) (Doc. 18, at 93), and the three individuals retained in the reception

department were in their early sixties (60's), late twenties (20's), and thirty (30) years old, respectively.  *Id.*  Meanwhile, of the two individuals terminated from the billing department, one was in her mid-forties (40's) and the other was in her late thirties (30's).  *Id.*  The two individuals retained in the billing department were both approximately thirty (30) years old.  *Id.*

There is no indication from this evidence, or the other evidence in the record, that Defendant's decision to eliminate Plaintiff's position was due to Plaintiff's age.  Therefore, upon review of the evidence, I agree with Magistrate Judge Mannion and find that Plaintiff has failed to present evidence from which a factfinder could reasonably disbelieve Defendant's articulated reasons, or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of Defendant's actions.  Therefore, Defendant's motion for summary judgment will be granted.

## CONCLUSION

Plaintiff's Objections to the Magistrate's Report and Recommendation will be overruled.  The Court will adopt the Report and Recommendation, and Defendant's Motion for Summary Judgment will be granted.

An appropriate Order follows.

 August 11, 2006                                                     /s/ A. Richard Caputo
Date                                                                      A. Richard Caputo
                                                                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL ANN OGORZALEK, | |
| Plaintiff, | NO. 3:04-CV-1038 |
| v. | (JUDGE CAPUTO) |
| HAZELTON RADIOLOGY ASSOCIATES, | |
| Defendant. | |

## ORDER

**NOW**, this ___11th___ day of August, 2006, upon review of Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 22) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

c. Plaintiff's Objections and Exceptions to the Report & Recommendation of Magistrate Judge Mannion (Doc. 23) are **OVERRULED**.

d. The Report and Recommendation (Doc. 94) is **ADOPTED**.

e. Defendant's Motion for Summary Judgment (Doc. 13) is **GRANTED**.

f. The Clerk of Court shall mark this case **CLOSED**.

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge